**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3007
_____

SEOL LOPEZ-ROJAS,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Final Order of the
Board of Immigration Appeals
No. A216-220-878
Immigration Judge: Annie S. Garcy
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
July 11, 2023

Before: PHIPPS, MONTGOMERY-REEVES, and McKEE, *Circuit Judges*

(Opinion filed: July 31, 2024)

_____

OPINION[*]

_____


McKEE, *Circuit Judge*:

Soel Lopez-Rojas, a citizen of Guatemala, seeks review of the Board of Immigration Appeals' ("BIA") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). An Immigration Judge ("IJ") denied asylum because Lopez-Rojas's petition was untimely, and he did not establish grounds for an exception to the filing deadline. The IJ also found that Lopez-Rojas had not met his burden of proof for withholding of removal and protection under the CAT. The BIA affirmed the IJ's conclusions. For the reasons that follow, we will deny the petition for review.[1]

**I.**

In reviewing removal orders, we review factual determinations for substantial evidence and legal determinations *de novo*.[2] Factual findings may not be set aside "unless any reasonable adjudicator would be compelled to conclude to the contrary."[3] We

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] We have jurisdiction over Lopez-Rojas' timely petition for review of a final order of removal under 8 U.S.C. § 1252(a)(1) and (b)(2).

[2] *Kang v. Att'y Gen.*, 611 F.3d 157, 163–64 (3d Cir. 2010).

[3] 8 U.S.C. § 1252(b)(4)(B).

primarily review the BIA's opinion, but we also review the IJ's opinion "to the extent it is adopted, affirmed, or substantially relied upon by the BIA."[4]

## A.

An asylum application must be filed within one year after the applicant arrives in the United States.[5] However, late-filed applications may still be considered if the applicant can demonstrate "changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relat[ed] to the delay."[6] We lack jurisdiction to review any factual or discretionary determinations the Attorney General makes in the course of applying the time bar, but we may review the Attorney General's application of legal standards to those facts.[7]

Lopez-Rojas argues that the BIA erred as a matter of law by concluding that his assailant's continued threats did not constitute changed circumstances that would toll the time bar. We see no error.

The IJ and BIA determined that the assailant's continued threats against Lopez-Rojas were indistinguishable from the assailant's initial threats that had formed the basis for Lopez-Rojas's asylum claim. We lack jurisdiction to review this factual determination.[8] Because the continued threats were indistinguishable from the initial

---

[4] *Guzman Orellana v. Att'y Gen.*, 956 F.3d 171, 177 (3d Cir. 2020).
[5] 8 U.S.C. § 1158(a)(2)(B).
[6] 8 U.S.C. § 1158(a)(2)(D).
[7] *Sukwanputra v. Gonzales,* 434 F.3d 627, 633–34 (3d Cir. 2006); *see also Wilkinson v. Garland*, 144 S. Ct. 780, 792 (2024) (reiterating that "[m]ixed questions of law and fact, even when they are primarily factual, fall within the statutory definition of 'questions of law' in § 1252(a)(2)(D) and are therefore reviewable").
[8] *Mudric v. Att'y Gen.*, 469 F.3d 94, 101 (3d Cir. 2006).

threats, they cannot constitute *changed* circumstances. *See* 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 208.4(a)(4). Thus, there is no legal error in the BIA's determination that these continued threats do not constitute changed circumstances.

**B.**

To be entitled to withholding of removal, Lopez-Rojas must prove that it is more likely than not that his "life or freedom would be threatened" in Guatemala because of his "race, religion, nationality, membership in a particular social group, or political opinion."[9] To establish that a particular social group is cognizable, Lopez-Rojas must show that it is "(1) composed of members who share a common, immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question."[10]

Lopez-Rojas's argues that he is entitled to withholding of removal because he belongs to the particular social group of "Guatemalans who file police complaints against criminals."[11] Proving that a group is socially distinct requires "proof of societal views,"[12] specifically, "evidence that the society in question recognizes a proposed group as distinct."[13] Here, there is simply no evidence that Guatemalan society perceives those who file police complaints against criminals as socially distinct. Accordingly, the BIA and IJ were correct to deny Lopez-Rojas's application for withholding of removal.

---

[9] 8 U.S.C. § 1231(b)(3)(A); *see Garcia v. Att'y Gen.*, 665 F.3d 496, 505 (3d Cir. 2011).
[10] *Radiowala v. Att'y Gen.*, 930 F.3d 577, 583 (3d Cir. 2019).
[11] A.R. 4.
[12] *S.E.R.L. v. Att'y Gen.*, 894 F.3d 535, 556 (3d Cir. 2018).
[13] *Radiowala*, 930 F.3d at 583.

To succeed on his CAT claim, Lopez-Rojas must establish that it is "more likely than not that [he] would be tortured if removed to [Guatemala]."[14] In *Myrie v. Attorney General*, we held that the determination of whether an applicant has met this burden is subject to a two-pronged analysis.[15] The first prong requires that the IJ answer two questions: "(1) what is likely to happen to the petitioner if removed; and (2) does what is likely to happen amount to the legal definition of torture?"[16] Inquiry under the second prong requires that the IJ assess "whether an applicant has established that public officials will acquiesce to the feared tortu[r]ous acts of a non-state actor."[17] This in turn requires a second two-part inquiry. The IJ must determine: (1) how public officials would likely react to the harms the petitioner fears; and (2) whether this response qualifies as acquiescence under the governing regulations.[18]

Lopez-Rojas argues that the IJ and BIA failed to conduct the *Myrie* analysis properly. But we disagree. After reviewing the evidence, the IJ concluded that Lopez-Rojas's assailant had not attempted to harm Lopez-Rojas or his family members in the seven years since the initial assaultive incident that Lopez-Rojas reported to the police. Because the assailant had opportunities to harm Lopez-Rojas and his family members throughout these seven years but did not do so, the IJ determined that Lopez-Rojas had

---

[14] 8 C.F.R. § 1208.16(c)(2).
[15] 855 F.3d 509, 516 (3d Cir. 2017).
[16] *Id.*
[17] *Id*.
[18] *Id*.

not proven it was more likely than not that his assailant would carry out any of his threats if Lopez-Rojas were returned to Guatemala. The BIA found no clear error in the IJ's factual determination. Having found that Lopez-Rojas's CAT claim failed at the first factual step, neither the IJ nor the BIA was obliged to complete the remaining steps in the *Myrie* framework. Accordingly, we find that the IJ and BIA fulfilled all their obligations under *Myrie*.

## II.

While we are sympathetic to the crime-related dangers faced by many Guatemalans like Lopez-Rojas, the law does not allow us to conclude that the BIA erred in affirming the denial of his applications for asylum, withholding of removal, or protection under CAT. Accordingly, we must deny his petition for review.